## Succession of Edward Lauve.

Where a person not a party to the original suit has obtained an appeal, based upon an affi-davit of his attorney, that he was a creditor of the succession, and had been injured by the judgment, and the fact of his being a creditor is disputed in the Supreme Court. *Held:* The case should be remanded to try that issue, before the Supreme Court would decide the cause.

APPEAL from the First District Court of New Orleans, *Larue*, J. *T. A. Clark*, for appellant. *M. M. Cohen* and *H. St. Paul*, for appellees. The judgment of the court, (*Eustis*, C. J., dissenting,) was pronounced by

Slidell, J. *B. F. Lee* is appellant from a judgment homologating the administrator's account. *Lee* had made no appearance in the mortuary pro-ceedings before this decree, and was not named on the tableaux. He obtained the order of appeal *ex parte* on the affidavit of his attorney at law, that he verily believed him to be a creditor. The appellees now dispute the alleged fact that he is a creditor; and under the authority of several cases decided by our prede-cessors, we will direct the issue, whether he is a creditor or not, to be tried in the court below, before proceeding further in this cause. See *Oakley* v. *Phil-lips*, 6 N. S. 307. *Taylor* v. *Jeffries' Estate*, 10 L. R. 438. *Desormes' Heirs* v. *Desormes' Curator*, 15 L. R. 17.

It is therefore ordered, that a mandate do issue to the judge of the First Dis-trict Court of New Orleans, directing him to have and determine the issue, whether the said *B. F. Lee* is a creditor of the succession of said *Edward Lauve*, as in his petition of appeal alleged, and to cause his decree upon said issue to be certified to this court; and that, in the meantime, this cause be held under advisement.

Preston, J. The practice sanctioned by this decision will lead to great delays, inconvenience and unnecessary expense; and were it an open question, I should have interpreted ambiguous expressions in our Code of Practice differently. But the practice has been sanctioned by three decisions of our predecessors; and, being a question of practice, and not as to a rule of property, I think the maxim *stare decisis* should govern this case.

67

SUCCESSION OF    ROST, J.  The appellant should have taken, on the appellees, a rule to show
LAUVE.           cause why his appeal should not be granted, and proved his right to appeal con-
tradictorily with them; as, however, he acted under the influence of a common
error, created and continued by repeated decisions of our predecessors, I assent
to the opinion of the majority of the court. Should a similar proceeding be
resorted to hereafter, it is probable it would not be sustained.

---

## SAME CASE—ON THE MERITS.

An allegation that a party is transferree of A. and B. is not inconsistent with evidence that he
is the assignee of that firm, under a voluntary assignment made by them in New York, for
the benefit of their creditors.

Where the name of an affiant is inserted in an affidavit taken before a Louisiana commis-
sioner, in New York, it will be presumed, in the absence of any proof to the contrary, that
the commissioner was personally acquainted with the affiant, although it be not so stated
in the affidavit.

APPEAL from the First District Court of New Orleans, Larue, J.  T. A.
Clark, for appellant.  M. M. Cohen and H. St. Paul, for appellees.  The
judgment of the court was pronounced by

SLIDELL, J.  The allegation of Lee, that he was a transferree of the judgment
obtained by Granger, Birch & Co. against Lauve and Benedict, is not inconsis-
tent with evidence that he is the assignee of that firm, under a voluntary assign-
ment, made by them in New York, for the benefit of creditors.  We are not
aware of any provision of our laws, forbidding such an assignee to appear in our
courts without the previous formalities suggested by counsel.

In the affidavits made by Lee, before a Louisiana commissioner, the words used
are, "Benjamin F. Lee being duly sworn;" but it is not expressly stated in the
body of the deposition, or elsewhere, that Lee was known to the commissioner.
In the absence, however, of contrary evidence, we think we are bound to infer
from the entire document that he was so known.  The opposite view supposes
a violation of duty by the public officer.  Reference is made by counsel to the
laws of New York.  It is sufficient to say, they are not in evidence.

The transcript is certified by the clerk, as containing all the evidence.  We
find no evidence of the publication of notice to creditors.  See C. P. 1042.
Tompkins v. Benjamin, 16 L. R. 199.  Desormes v. Desormes, 17 L. R. 115.
Lee v. Bennet, 3 Ann. 219.  It does not appear that the appellant had actual or
constructive notice of the filing of the tableaux.

It is therefore decreed, that the judgment of homologation appealed from, be
reversed; and that this cause be remanded for further proceedings according
to law; the costs of the appeal to be paid by the said succession.